IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND JACKSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

OPINION and ORDER

20-cv-357-jdp
18-cr-97-jdp

---

Pro se petitioner Raymond Jackson pleaded guilty to one count of being a felon in possession of a firearm and is serving a 30-month sentence. He now seeks post-conviction relief from his sentence under 28 U.S.C. § 2255. Jackson contends that the federal felon-in-possession statute, 18 U.S.C. § 922(g), is unconstitutional because Congress did not have the authority to enact it and that his conviction should be vacated under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Dkt. 1. Jackson argues that, under *Rehaif*, he cannot be convicted of being a felon in possession of a firearm because he did not know that it was illegal for him to possess a firearm.

Jackson's constitutional arguments are procedurally defaulted because there was no reason he could not raise them on direct appeal. And those arguments would fail on the merits, even if they had been timely raised. Jackson's *Rehaif* argument fails because *Rehaif* does not require a defendant to know specifically that it is illegal for him to possess a firearm; it requires only knowledge that he had previously been convicted of a crime punishable by incarceration of more than a year. Jackson clearly knew that, because at the time of his plea, he had already been sentenced to a three-and-one-half year prison term for unlawful use of a weapon. I will deny Jackson's petition to vacate his sentence.

PROCEDURAL BACKGROUND

I draw the procedural background from Jackson's motion, Dkt. 1, No. 20-cv-357-jdp, and the docket of his criminal proceeding, *United States v. Jackson*, No. 18-cr-97-jdp (W.D. Wis. July 11, 2018).[1] On December 17, 2018, Jackson entered an unconditional guilty plea to one count of felon in possession of a firearm under § 922(g)(1). Dkt. 14 and Dkt. 15. The court sentenced Jackson to 30 months in prison. Dkt. 32. Jackson did not appeal.

On June 21, 2019, the Supreme Court decided *Rehaif*, holding that to be convicted under § 922(g)(1), a defendant must not only knowingly possess a firearm, he must also know, at the time of possession, that he had previously been convicted of an offense punishable by incarceration of more than a year. On April 16, 2020, Jackson filed this petition under 28 U.S.C. § 2255 seeking to vacate his sentence.

ANALYSIS

Section 2255 allows a prisoner in federal custody to move for relief on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). But § 2255 relief is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

---

[1] Unless otherwise specified, all subsequent citations are to the docket in Jackson's criminal case, No. 18-cr-97-jdp.

## A. Constitutional claims

Jackson makes three related constitutional arguments relating to Congress's authority to enact § 922(g)(1). These claims are procedurally defaulted because there is no reason they could not have been raised on a direct appeal. *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018). But even if Jackson could overcome the default, Jackson's arguments about the constitutionality of § 922(g)(1) were considered and rejected long ago.

First, Jackson argues that Congress's power to regulate criminal conduct is limited to the crimes enumerated in Article I, Section 8 of the Constitution and therefore Congress did not have the constitutional authority to enact federal firearms laws such as § 922(g)(1). Jackson is correct that every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution. *United States v. Comstock*, 560 U.S. 126, 133–34 (2010) (citing *United States v. Morrison*, 529 U.S. 598, 607 (2000); *McCulloch v. Maryland*, 4 Wheat. 316, 408 (1819)). But this does not mean that Congress cannot enact any criminal laws other than those expressly cited in the Constitution itself. Congress has the authority to enact criminal laws that are "necessary and proper" to effectuate its enumerated Article I powers. *Comstock*, 560 U.S. at 129; U.S. Const. Art. I, § 8, cl. 18. Accordingly, "the Constitution, which nowhere speaks explicitly about the creation of federal crimes beyond those [enumerated in Art. I, § 8] nonetheless grants Congress broad authority to create such crimes." *Id*. at 135–36. Jackson's argument that Congress lacks constitutional authority to enact § 922(g)(1) is foreclosed by *Comstock*.

Second, Jackson argues that § 922(g)(1) is unconstitutional because the Commerce Clause of the Constitution does not permit federal criminal enforcement of the possession of firearms by felons. Congress's authority under the Commerce Clause includes the power to

3

regulate activities that are substantially related to interstate commerce. *United States v. Lopez*, 514 U.S. 549, 558–59 (1995). The Seventh Circuit Court of Appeals has held that § 922(g)(1) is a valid exercise of Congress's Commerce Clause power. *United States v. Bradford*, 78 F.3d 1216, 1222–23 (7th Cir. 1996). Section 922(g)(1) makes it unlawful for a felon to "possess *in or affecting commerce*, any firearm or ammunition." (emphasis added). Section 922(g)(1) explicitly requires a connection to interstate commerce. *United States v. Bell*, 70 F.3d 495, 498 (7th Cir. 1995). Jackson's contention that § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power fails.

Third, Jackson argues that this court lacked jurisdiction to hear his criminal case because his crime was not committed on federal land. However, the Seventh Circuit Court of Appeals has squarely rejected this argument, holding that federal district courts have jurisdiction to hear cases related to activity that occurs on land that is not federal land. *Stuart v. Rech*, 603 F.3d 406, 412 (7th Cir. 2010). District courts have jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. This argument fails.

## B. *Rehaif* claim

Jackson also contends that his sentence should be vacated in light of *Rehaif*. In *Rehaif*, the Supreme Court held that to convict under § 922(g)(1), the government must show not only knowing possession of a firearm, but also that the defendant knew he had the relevant status at the time of his offense. *Rehaif*, 139 S. Ct. at 2194. Post-*Rehaif*, the Seventh Circuit Court of Appeals has affirmed that the government does not need to show that the defendant knew specifically that he was prohibited him from possessing a firearm. *United States v. Cook*, 970 F.3d 866, 880 (7th Cir. 2020) (citing *United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020). To sustain a charge under § 922(g)(1), the government must show (in addition to

knowing possession of a firearm) that the defendant "knew he had been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020).

At Jackson's plea hearing, Jackson admitted knowing possession of the firearm, and that the government could prove that he had been convicted of at least one felony. Dkt. 39. But, consistent with its pre-*Rehaif* practice, the court did not confirm that, at the time of possession, Jackson knew that he had been convicted of a crime punishable by incarceration of more than a year.

In his § 2255 petition, Jackson says the government "had not demonstrated that he had actual knowledge of having 'knowingly' violated federal law." Dkt. 37, at 33. But he does not explain how he lacked that knowledge, despite his multiple felony convictions. In his sentencing memorandum, Jackson explained that while he was living in Texas, he understood that Texas law provides "that a person with a prior felony conviction can lawfully possess a firearm if five years have passed from release of imprisonment or termination of supervision." Dkt. 29. Jackson contended that his assumptions about Texas law led him to believe that he could lawfully possess a firearm as a felon in Wisconsin. *See id*. But, as explained above, *Rehaif* does not require the government to prove that the defendant knew that his firearm possession was illegal. Jackson's argument is based on a faulty reading of *Rehaif*.

Still, the question remains whether, at the time he possessed the firearm, Jackson had the knowledge required by *Rehaif*—knowledge that he had previously been convicted of a crime punishable by a term of incarceration of at least a year. The record shows that Jackson had that knowledge. Jackson had a criminal record containing multiple felony convictions, including a 1996 conviction for "unlawful use of weapon by a felon," which resulted in a three-and-one-

half-year prison sentence. Dkt. 25, ¶ 48. He was paroled after serving about 21 months. Given this conviction, the sentence he received, and the time he actually served, Jackson knew that he had previously been convicted of a crime punishable by incarceration of more than one year when he possessed the firearm charged in this case. Jackson does not argue, and could not possibly show, that had the court applied *Rehaif* at his plea hearing, he would have refused to plead and would have gone to trial. *Rehaif* provides Jackson no ground for relief.

## C. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Jackson's motion under 28 U.S.C. § 2255 is without merit. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Raymond Jackson's motion under 28 U.S.C. § 2255, Dkt. 1, No. 20-cv-357-jdp, is DENIED.

2.  Jackson is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3.  The clerk of court is directed to enter judgment in favor of respondent and close the case.

Entered March 19, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge